IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HB&G BUILDING PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:22-cv-329-ECM |
| | ) | [WO] |
| DIGGER SPECIALTIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On June 3, 2022, the Court entered a Memorandum Opinion and Order granting in part Plaintiff HB&G Building Products, Inc.'s ("HB&G") motion for a temporary restraining order (hereinafter, "Temporary Restraining Order"). (Doc. 9). The Temporary Restraining Order remains in effect for fourteen days from the date of its issuance, (*id.* at 21); Fed. R. Civ. P. 65(b)(2), "unless before that time the court, for good cause, extends [the Temporary Restraining Order] for a like period or the adverse party consents to a longer extension," Fed. R. Civ. P. 65(b)(2).

On June 15, 2022, the Court held a hearing on HB&G's motion for preliminary injunction (doc. 2) and renewed motion for preliminary injunction (doc. 7). At the hearing, HB&G and Defendants Digger Specialties Inc. ("Digger") and Brittain Russell consented to an extension of the Temporary Restraining Order for fourteen days or until the Court enters an order on HB&G's motions for preliminary injunction, whichever occurs earlier, subject to the modifications set forth below. Additionally, the parties represented that they

have reached an agreement regarding the issues raised in HB&G's motions for preliminary injunction and that they will submit a proposed consent preliminary injunction to the Court.

Accordingly, for the reasons stated herein and the reasons set forth by the parties on the record during the hearing, and for good cause, it is hereby

ORDERED as follows:

1. The Temporary Restraining Order entered on June 3, 2022 (doc. 9) is EXTENDED for fourteen days or until the Court enters an order on HB&G's motions for preliminary injunction, whichever occurs earlier, subject to the modifications set forth below.

2. Digger and Russell are permitted to transmit their electronic devices to an expert retained by HB&G, J. Christopher Racich of Vestigant, LLC, to allow Mr. Racich and anyone under his supervision to examine those devices. To the extent that the Temporary Restraining Order prohibits such actions, that portion of the Temporary Restraining Order is VACATED.

3. No further certifications to the Court or bond are required at this time.

4. All other provisions of the Temporary Restraining Order remain in effect consistent with this Order.

DONE this 15th day of June, 2022.

                               /s/ Emily C. Marks
                               EMILY C. MARKS
                               CHIEF UNITED STATES DISTRICT JUDGE